### HAIGHT *v.* DICKERMAN.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

1. NEW YORK STOCK EXCHANGE—CONSTITUTION AND BY-LAWS.

As the New York Stock Exchange is not organized in pursuance of any statute, its constitution and laws, as agreed on by the members, contain all the stipulations of the parties, and form the law which must determine their rights and obligations. *White* v. *Brownell,* 3 Abb. Pr. (N. S.) 318, followed.

2. SAME—SUSPENSION—DEATH—SALE OF SEAT.

The constitution of the New York Stock Exchange provides, in article 14, § 4, that if a suspended member fails to settle within one year his seat shall be disposed of by the committee on admissions, and the proceeds applied to the payment of his debts in the exchange, but authorizes the governing committee to extend the time of settlement for periods not to exceed one year. Article 13, § 4, provides that when a member dies his membership may be disposed of by the committee on admissions, and after paying the claims of the members, as allowed by the committee, the balance shall be paid to his legal representatives. *Held* that, when a member is suspended, the rights of other members in the proceeds of his seat do not become fixed immediately, unless the seat is then sold; and if the period of settlement is extended for successive yearly periods until his death, the committee are to determine such rights according to the rules as then existing, and not as they were at the time of suspension.

Appeal from special term, New York county.

Action by Frederick A. Haight against Watson B. Dickerman, as president of the New York Stock Exchange, who claims to be a creditor of William K. Soutter, deceased, and entitled to share in the proceeds of his seat in the Stock Exchange. Heard on a motion to vacate a preliminary injunction. The motion was granted, and plaintiff appeals therefrom. Affirmed.

William K. Soutter was suspended from membership in the exchange, but the period of settlement was several times extended by the governing committee. He died during this suspension, and the committee on admissions were proceeding to dispose of his seat and distribute the proceeds, as in case of the death of a member, when the injunction in question was issued against them. The constitution of the exchange provides, in article 14, § 4, that if

a suspended member fails to settle within one year from his suspension his seat shall be disposed of by the committee on admissions, and the proceeds applied to the payment of his debts to members of the exchange, "as allowed by said committee." It was claimed by plaintiff that the quoted words were not in the section at the time of Soutter's suspension. The section further authorizes the governing committee to extend the time of settlement for periods not exceeding one year. Article 13, § 4, provides that when a member dies his membership may be disposed of by the committee on admissions, and, after paying the members, "as allowed by the committee," the balance shall be paid to his legal representatives.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

George Putnam Smith and Edward C. Perkins, for appellant. Carter & Ledyard, (Lewis Cass Ledyard, of counsel,) for respondent.

O'BRIEN, J. The plaintiff, who was a member of the New York Stock Exchange, and a creditor of one William K. Soutter, who was also a member of the exchange, brought this suit to compel an accounting by the exchange of the proceeds of the sale of Soutter's seat, and a distribution thereof among those of his creditors who are also members of the exchange, and to restrain it from making a distribution among the other creditors of that class to the exclusion of the plaintiff. The preliminary injunction which was obtained was vacated by the order from which this appeal is taken, upon the ground that defendant's right to throw out the plaintiff's claim against Soutter, and direct a distribution among the other creditors, who are members of the exchange, was pursuant to authority vested in the committee on admissions under certain provisions of the constitution of the exchange. We do not understand that any real contention is made as to the force and effect of provisions in the constitution upon the rights of members. If such existed, it has been settled by the case of *White* v. *Brownell*, 3 Abb. Pr. (N. S.) 318, and by the other cases referred to in the opinion of Mr. Justice LAWRENCE. In the case cited of *White* v. *Brownell*, wherein the nature of an association such as the Stock Exchange was considered, it was said: "As this association is not organized in pursuance of any statute, nor are the terms of membership fixed by the principle of the common law, it follows that the agreement which the members make among themselves on the subject must establish and determine the rights of the parties on the subject. The constitution of the association and its laws, agreed upon by the members, contain all the stipulation of the parties, and form the law which should govern." The contention, therefore, relates rather to the facts which have been made to appear by the complaint and corroborative affidavit made by the plaintiff, and upon the answer and affidavit of the secretary of the exchange.

Were the facts such as contended for by the plaintiff, that, under the power vested in the exchange, it had, upon the suspension of Soutter, sold the seat, then, unquestionably, the rights of the plaintiff, having become fixed and vested, should be governed by the then existing provisions of the constitution of the exchange respecting the rights of members who were creditors in and to the proceeds of a seat sold belonging to a member who had been suspended. It has been made to appear, however, that, although the exchange suspended Soutter, his seat was not thereupon sold; but, on the contrary, he continued to be a suspended member of the exchange for some years thereafter, and until his death. If by the rules of the exchange it became the duty immediately upon the suspension of a member to sell his seat, and distribute the proceeds, then the contention of the plaintiff would again be sound, as to the rights of the plaintiff having become fixed and vested, upon such failure and suspension. It will be seen, however, by a reference to section 4, art. 14, relating to suspended members, etc., that "the governing committee may, by a vote of two-thirds of the members present, extend the time of settlement for

periods not to exceed one year. If, however, after the expiration of the time granted, said suspended member shall not make application for a further extension of time, or if, making such application, the same shall be refused, his membership shall be disposed of as provided in the first part of this section." The governing committee, therefore, had the right to extend the time of settlement for periods not to exceed one year, and were not obliged by any provision of the constitution to sell the seat of the member immediately upon his insolvency or suspension. It thus appears that, in the exercise of such right, the periods were extended, and the seat not sold until his death, which occurred in 1891. Subsequent thereto the membership was sold, and the creditors, including the plaintiff, were summoned and appeared, and presented to the committee of the exchange their claims. The committee thereafter proceeded to pass upon the same, allowing some and disallowing others, among the latter being the claim of plaintiff. Section 4, art. 13, of the constitution provides: "When a member dies, his membership may be disposed of by the committee on admissions; and after paying the claims of the members of the exchange, as allowed by said committee on admissions, it shall pay any balance to the legal representatives of the deceased." It being apparent that the exchange did not exercise its right to sell the membership on account of the suspension, but having allowed that to continue until death, when the membership was sold, that the rights of the parties were fixed and determined in the proceeds of the sale when made, which was after the death of Soutter, and that the rights of creditors in respect thereto were to be adjusted in accordance with the provisions of the constitution relating to the distribution of the proceeds of the sale after the death of a member. Upon the facts, therefore, and the law applicable thereto, we think that the injunction was properly vacated, and that the order appealed from should be affirmed, with costs.